*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-08-00200-CV

**TERRY A. LEONARD, P.A.** and April Dawn Hain, M.D.,
Appellants

v.

Andre **GLENN**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-11855
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  August 17, 2011

REVERSED & RENDERED

We issued our first opinion in this case on May 20, 2009.  While this case was on appeal from this court, the supreme court decided *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011), holding that for purposes of section 101.106(f) of the Civil Practice & Remedies Code, "a tort action is brought 'under' the Texas Tort Claims Act, even if the government has not waived its immunity for such actions." *Leonard v. Glenn*, 332 S.W.3d 403, 403 (Tex. 2011) (per curiam) (citing *Franka*, 332 S.W.3d at 370–71).  In light of *Franka*, this case was remanded to us for

further proceedings. *Id.* The underlying background and procedural facts of this appeal are outlined in our May 20, 2009 opinion. *See Terry A. Leonard, P.A. v. Glenn*, 293 S.W.3d 669 (Tex. App.—San Antonio 2009), *rev'd sub nom. Leonard v. Glenn*, 332 S.W.3d 403 (Tex. 2011). Reconsidering this case in light of *Franka*, we reverse the trial court's order and render judgment dismissing Glenn's claims.

Under section 101.106(f) of the Civil Practice & Remedies Code, a trial court shall dismiss a suit against an employee of a governmental unit if the suit is "considered to be against the employee in the employee's official capacity only" and the plaintiff fails to file amended pleadings naming the governmental unit as defendant within thirty days of a motion to dismiss. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2005). A suit is "considered to be against the employee in the employee's official capacity only" if the suit (1) "is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment," and (2) "could have been brought under [the Texas Tort Claims Act] against the governmental unit." *Id.*; *Franka*, 332 S.W.3d at 369.

We hold that the trial court erred in failing to dismiss Glenn's suit against Leonard and Dr. Hain. "There is no question that both Dr. Hain and Leonard were acting within the scope of their employment." *Glenn*, 293 S.W.3d at 681. Under *Franka*, Glenn's negligence claims against Leonard and Dr. Hain could have been brought under the Texas Tort Claims Act regardless of whether the Act waives immunity. *See Franka*, 332 S.W.3d at 369. Thus, Glenn's claims are against Leonard and Dr. Hain in their official capacities only. *See* § 101.106(f); *Franka*, 332 S.W.3d at 382–83. Because Glenn failed to amend his pleadings to name Bexar County Hospital District d/b/a University Health Systems (UHS) as a defendant within thirty days of Leonard's and Dr. Hain's motions to dismiss, the trial court should have granted the

motions.  *See* § 101.106(f); *Franka*, 332 S.W.3d at 370.  We reverse the trial court's orders and render judgment dismissing Glenn's claims.

Rebecca Simmons, Justice